METROPOLITAN LIFE INSURANCE COMPANY, appellant,

*v.*

SADIE URBACK, respondent.

[Argued February 8th, 1946. Decided May 3d, 1946.]

On appeal from a decree of the Court of Chancery advised by Vice-Chancellor Bigelow, who filed the following opinion:

"The bill will be dismissed because the complainant has failed to prove the falsity of the statements on which it relied when it issued the policy on Urback's life. The alleged misrepresentations were made by insured in answer to the following questions contained in the application for insurance:

" '5. Have you ever been an inmate of, or have you ever received treatment at an asylum, hospital, sanatorium, or cure? If yes, give date, duration, name of ailment and name of institution.'
A. 'Yes—appendectomy 1909—Beth Israel Hospital—17 Days—Dr. V. Parsonnett, M.D.'

"The answer was true and it was sufficient, even though insured had been in other hospitals on other occasions. *Massachusetts Accident Co.* v. *Stone, 127 N. J. Eq. 97; Urback* v. *Metropolitan, 130 N. J. Law 210.*

" '11. Have you ever suffered from any ailment or disease of (a) the brain or nervous system?' A. 'No.'

"There is no evidence that insured had ever had an ailment or disease of the brain. There is some slight evidence of trouble, with the nervous system but none that insured was aware of it. The question 'sought to probe the insured's mind and if he answered truthfully to the full extent of his knowledge, there was necessarily no false representation.' *Shapiro* v. *Metropolitan Life Insurance Co., 114 N. J. Eq. 378.*

" '12 (g). Have you consulted a physician for any ailment or disease not included in your above answers?' A. 'No.'
" '13. What physician or physicians, if any, not named above, have you consulted or been treated by, within the last five years, and for what illness or ailment? If none, so state.' A. 'None.'

"Insured, who drove a truck for a wholesale cleaning and dyeing concern, carried on his usual occupations and continued in apparent good health until immediately before his death November 9th, 1937. But occasionally, during 1933— the policy was issued May 1st, 1936—he had fainting spells. About the end of 1933, he called upon Dr. Edward M. Fine-

silver. 'He wanted a check up, so I sent him over there [to the New York Hospital] for a diagnostic work up.' He was at the hospital for five days and received numerous tests. The results were all negative except for disclosing a slight nystagmus, that is, a rhythmic motion of the eyes which may be an indication of some nervous disease. Dr. Finesilver studied the findings of the New York Hospital and informed insured 'that they did not find anything the matter with him.' The doctor's own conclusion was that the fainting spells were caused by hysteria due to stress and strain from financial reverses. He considered that Urback's condition of health was perfectly normal. Insured died suddenly November 9th, 1937, from a hemorrhage of the brain covering. Complainant suggests that the fainting spells of 1933 were caused by a brain tumor, which finally brought about his death four or five years later. The medical testimony indicates that this is very unlikely.

"Now to revert to the questions in the application, and Urback's answers. Obviously, question 12 (g) is limited to consultations about an ailment or disease. Many careful men seek a physician yearly for an examination, in order to discover if any trouble is developing so that it may be treated in its early stages. Such a consultation is not included within the scope of this question. Question 13 is likewise limited: 'What physician * * * have you consulted * * * and for what illness or ailment?' Then follow blank spaces for 'Name and address of physicians,' 'Name and date of illnesses,' 'Results.' Urback went to Dr. Finesilver and to the New York Hospital to learn whether he had any ailment or disease. He was told that they found none. He did not consult them and was not treated by them for any illness or ailment. His answers were truthful.

"Let the bill be dismissed."

*Messrs. McCarter, English & Sluder (Mr. George W. C. McCarter, of counsel), for the appellant.*

*Messrs. Klein & Klein (Mr. Edward Gaulkin, of counsel), for the respondent.*

Per Curiam.

The decree appealed from will be affirmed, for the reasons expressed in the opinion of Vice-Chancellor Bigelow, filed in the Court of Chancery.

*For affirmance*—The Chief-Justice, Bodine, Heher, Perskie, Oliphant, Dill, McGeehan, JJ. 7.

*For reversal*—Parker, Donges, Wells, Rafferty, JJ. 4.